THE PEOPLE *ex rel.* David Gore, Auditor,

*v.*

THE PEORIA MERCANTILE LIBRARY ASSOCIATION.

*Filed at Springfield October 14, 1895.*

TAXES—*property of library association rented for profit not exempt.* Real estate of an association organized to "establish and maintain a public library," but not at the time having or operating a library, which real estate is leased to a public city library, rents being applied to liquidate an incumbrance on the property, is not exempt from taxation under section 2 of the Revenue act.

HEARD on certification from the Auditor of Public Accounts of the State of Illinois, on objection of said Auditor to the decision of the board of supervisors of Peoria county.

M. T. MOLONEY, Attorney General, and T. J. SCOFIELD and M. L. NEWELL, of counsel, for appellant:

Under the revenue laws of this State educational institutions, when conducted with a view to profit, are not exempt from taxation. *Northwestern University* v. *People,* 80 Ill. 333; 86 id. 141; *Frederick County* v. *Sisters,* 48 Md. 34; *Gerke* v. *Purcell,* 25 Ohio St. 229; *Appeal Tax Court* v. *Grand Lodge,* 50 Md. 421; *Appeal Tax Court* v. *St. Peters,* 50 id. 321; *Library Ass.* v. *Pelton,* 36 Ohio, 253; *Mayor* v. *Ward,* 16 Lea, 27; *Chegary* v. *Mayor,* 13 N. Y. 220; *Williard* v. *Pike,* 57 Vt. 202; 29 Ohio, 206.

Property used for profit is not exempt from taxation. *First M. E. Church* v. *Chicago,* 26 Ill. 482; *Northwestern University* v. *People,* 80 id. 333; 86 id. 141; *Pace* v. *County Comrs.* 20 id. 645; *Hennepin* v. *Grace,* 27 Minn. 503; *Gerke* v. *Purcell,* 25 Ohio St. 229.

Exemptions from taxation will be construed strictly, and cannot be made, by judicial construction, to embrace other subjects than those plainly expressed. Cooley on Taxation, 54; *In re Swigert,* 123 Ill. 267; *Seminary* v. *People,*

101 id. 578; Burroughs on Taxation, 132; *Crawford* v. *Burrell*, 53 Pa. St. 219; *People* v. *Seaman's Friend Society*, 87 Ill. 246.

Where a school house was used for school purposes, but was owned by an individual and not by the public, it was held liable to taxation.  *Pace* v. *County Comrs.* 20 Ill. 464; *People* v. *Seaman's Friend Society*, 87 id. 246.

So when the ownership of the property is within the terms of the exempting statute but the use is not.  *Monticello Seminary* v. *People*, 106 Ill. 398; *Theological Seminary* v. *People*, 101 id. 578.

Primarily all property in the State is liable to taxation.  *People* v. *Cemetery Co.* 86 Ill. 336; *In re Swigert*, 119 id. 83.

Where an exemption is made in favor of a corporation, justice demands that it should show clearly a compliance with the terms and spirit of the act exempting it.  *Huck* v. *Railroad Co.* 86 Ill. 352; *In re Swigert*, 119 id. 87; *People* v. *Seaman's Friend Society*, 87 id. 246; *Pace* v. *County Comrs.* 20 id. 644; *First M. E. Church* v. *Chicago*, 26 id. 482.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding under the third clause of section 97 of the Revenue act.  (2 Starr & Curtis, p. 2057.)  The assessor of Peoria township for the year 1894 listed and assessed as the property of the Peoria Mercantile Library Association fifty-four feet on Jefferson avenue by one hundred and seventy feet on Main street, being a part of lot 10 in block 13, original town of Peoria, at the sum of $12,700.  At the April meeting, 1894, of the board of supervisors of the county the library association presented the following petition: "The undersigned respectfully petition your honorable body to exempt and strike off from the list of taxable property the lot and building known as (describing the property).  Said building in fact belongs to, and all its income, of whatever kind, is now and for many years has been, and is, used exclusively

for a free public library, and under the second (first) clause
of section 2 of the chapter entitled 'Revenue,' is by the
statute made exempt from taxation." Upon the 14th day
of July, 1894, the petition coming before the committee
on equalization, it was favorably reported by that body,
with the recommendation that the prayer be granted,
and on the same day the board adopted its report. The
county clerk made out and forwarded to the Auditor a
statement of all the facts in the case, and he, having
decided that the property in question was subject to
taxation, files in this court a statement of the facts certi-
fied to him by the clerk, with his objections to the deci-
sion of the board of supervisors. The reason stated for
his decision is, that the statement of facts submitted
shows that the library association does not use the prop-
erty for maintaining a public library, but rents the same
to various parties for profit.

The Peoria Mercantile Library Association was in-
corporated February 15, 1865, under a special act of the
legislature, its object being, as stated in the charter,
to establish and maintain a public library, merchants'
exchange and reading rooms. (See 2 Private Laws of
1865, p. 18.) Prior to the year 1894 it erected a large and
expensive building on the ground assessed, and for sev-
eral years thereafter maintained in the same, and circu-
lated under its rules and regulations, among its patrons,
a large library. On March 1, 1882, it disposed of this
library to the Peoria Public Library, and from and after
that time the Peoria Mercantile Library Association has
not owned or operated any library, but has leased quar-
ters in its said building to said Peoria Public Library,
and the rents and revenues derived from the property
have been used in liquidating an incumbrance placed
upon the same for the purpose of erecting the main
building, for operating expenses of the building, and
repairs thereon. These facts are fully established by the
statement of the county clerk, and are in no way contro-

verted. That they fully sustain the Auditor's decision is impliedly conceded by the failure of the library association to file any argument against it.

By section 1 of the Revenue act all real and personal property in this State is liable to assessment and taxes, except such as is expressly exempted by section 2. This latter section contains ten clauses, each naming classes of property as exempt. The property in question falls within none of those clauses, nor is it possible by any construction, however strained, to bring it within any of them, whereas the rule is that laws exempting property from taxation are always to be strictly construed.

The decision of the Auditor was clearly right, and it will be affirmed. *Affirmed.*